DJW/bh

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**METROPOLITAN LIFE**
**INSURANCE COMPANY,**

**Plaintiff,**

                                          **CIVIL ACTION**

**v.**

                                          **No. 06-2026-CM-DJW**

**CARRIE R. MULDOON, et al.,**

**Defendants.**

**MEMORANDUM AND ORDER**

Pending before the Court is the Motion to Intervene (doc. 34) filed by the United States of America ("United States"). No party has filed any opposition to this motion. Pursuant to the Court's Order of January 22, 2007 (doc. 36), the United States has filed a supplement to its motion (doc. 37) to which it attaches its proposed answer setting forth the defenses for which intervention is sought.

The United States seeks to intervene pursuant to Federal Rule of Civil Procedure 24(a)(2). It asserts that intervention is necessary to protect its claimed ownership interest in the annuity that is the subject of this interpleader action.

**I.    Background Information**

This case arises of out of a lawsuit that was settled may years ago between the United States and Defendant Carrie Muldoon ("Ms. Muldoon"). In 1982, the United States and a representative of Ms. Muldoon (who was then a minor) entered into a structured settlement to resolve the Federal Tort Claims Act claim brought on behalf of Ms. Muldoon. Pursuant to the parties' settlement agreement, the United States purchased an annuity from National Investors Life Insurance Company

("National").   National was later acquired by Plaintiff Metropolitan Life Insurance Company ("MetLife").

The United States asserts that it is the owner of the annuity.  It further asserts that as owner of the annuity, it has the exclusive right to designate the payee of the annuity.  The annuity contract provides that the owner, payee, annuitant or beneficiary can surrender, withdraw, accelerate, increase or decrease the payment amount.

According to the Complaint in Interpleader in this action, Ms. Muldoon entered into an agreement with Defendant Settlement Funding, LLC, d/b/a Peachtree Settlement Funding ("Peachtree"), in which she attempted to assign to Peachtree her rights to certain future annuity payments in exchange for a lump sum payment.  The Complaint alleges that Peachtree obtained a declaratory judgment in the District Court of Johnson County, Kansas ("state court") that approved the transfer.  The Complaint further alleges that the state court ordered MetLife to make the annuity payments to Peachtree.  MetLife has filed the instant interpleader to resolve the issue of where to send the annuity payments.

## II.      The Standard for Ruling on Motions to Intervene

Courts in the Tenth Circuit "follows a somewhat liberal line in allowing intervention."[1]  In deciding whether to allow intervention under Rule 24(a)(2), the Court must consider the various elements set forth therein.  Rule 24(a)(2) provides as follows:

> Upon timely application anyone shall be permitted to intervene in an action . . . when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action

---

[1]*Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1249 (10th Cir. 2005) (citations omitted).

2

may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.[2]

## III.   Analysis

The Court finds that the elements set forth in Rule 24(a)(2) have been met here.  First, the motion to intervene is timely, having been filed during the early stages of discovery.  Second, the United States claims an interest in the annuity that is the subject of this action.  More specifically, the United States asserts that it purchased the annuity and that it is the current owner of the annuity. It also asserts that it has the exclusive right to designate the payee of the annuity.  The Court finds that the United States' interest is direct, substantial, and legally protectable,[3] and is therefore an interest that satisfies Rule 24(a)(2).  Thus, the first two elements of Rule 24(a)(2) are satisfied.

Furthermore, the Court finds that the United States' interest in the annuity may, as a practical matter, be impaired or impeded as a result of this action because the United States faces the potential risk of losing the right the designate the payee of the annuity it owns.  Thus, the third element of Rule 24(a)(2) is met.

Finally, the Court finds that the fourth element of Rule 24(a)(2) is met in that the interests of the United States are not adequately represented by the existing parties to this lawsuits.  Its interests are adverse to the other defendants, Settlement Funding, LLC, and Carrie Muldoon, both of whom sued the United States in the related state court action to terminate the United States' ability to determine who receives the payments under the annuity.  In addition, the United States'

---

[2]Fed. R. Civ. P. 24(a)(2).

[3]An intervener's right in the subject of the action "must be direct, substantial, and legally protect able."  *Utah Ass'n,* 255 F.3d at 1251.

3

interests will not be advocated by Plaintiff MetLife, the successor of the annuity's issuer.  MetLife filed this action as an interpleader because it views itself as a disinterested stakeholder, and it has placed the disputed sums due under the annuity with the Court.  It has asked the Court to determine the conflicts between the state court's order and the United States' claims as the owner of the annuity.  Thus, it is does not appear that MetLife will represent the United States' interests in this case.

In light of the above, the Court deems intervention by the United States to be appropriate under Rule 24(a)(2).  Because intervention is appropriate and because no party has filed any opposition to the request to intervene, the Court will grant the United States' Motion to Intervene.

**IT IS THEREFORE ORDERED** that the United States' Motion to Intervene (doc. 34) is granted.

**IT IS FURTHER ORDERED** that the United States shall file its Answer to Complaint in Interpleader within **five (5) days** of the date of this Order.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 5th day of February 2007.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:     All counsel and *pro se* parties