IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>CARRIE R MULDOON, et al.  )<br>)<br>Defendants.  ) | CIVIL ACTION<br><br>No. 06-2026-CM |

## MEMORANDUM AND ORDER

Plaintiff Metropolitan Life Insurance Company ("MetLife") brings this interpleader action to determine to whom it should direct monthly payments under an annuity. Defendant Settlement Funding, LLC, d/b/a/ Peachtree Settlement Funding ("Settlement Funding") and intervenor United States of America ("United States") both filed motions for summary judgment. On September 30, 2008, the court denied the motions without prejudice and ordered the parties to show cause why this action should not be dismissed under the *Rooker-Feldman* doctrine. After reviewing the parties' arguments, the court finds the *Rooker-Feldman* doctrine is inapplicable to this case.

**I.     Factual Background**

Pursuant to a settlement agreement with defendant Carrie Muldoon ("Ms. Muldoon"), the United States purchased an annuity ("Annuity"). The United States is the owner of the Annuity, but at all times relevant to this proceeding, the United States has designated Ms. Muldoon as the payee of the Annuity. In September 2004, Ms. Muldoon and Settlement Funding entered into an agreement entitled Absolute Assignment and Uniform Commercial Code ("UCC"), Article 9 Security Agreement with Settlement Funding ("Assignment"). In the Assignment, Ms. Muldoon agreed to assign and transfer to Settlement

Funding all her rights, title and interest in and her right to receive certain payments funded by the Annuity.  In December 2002, Ms. Muldoon and Settlement Funding filed a lawsuit in the District Court of Johnson County, Kansas ("Johnson County Action").  The United States, Tort Branch, Civil Division and MetLife received notice of the Johnson County Action, but neither entered an appearance or otherwise filed any objection to the action.  The Johnson County court entered an order approving the transfer of annuity payments per the terms of the Assignment ("Johnson County Order").  In its order, the Johnson County court made several judgments, including (1) directing the United States and MetLife to deliver the assigned Annuity payments to Settlement Funding and (2) prohibiting the United States and MetLife from changing the address to which the payments are sent.  The Johnson County court also declared that its judgment in no way modified or negated the ownership of the Annuity issued by MetLife and owned by the United States.  The court did not consider the United States' sovereign immunity.  On July 21, 2005, the United States Department of Justice advised MetLife that the United States did not consent to a change in its annuity contract or in the designated payee.

On January 27, 2006, MetLife—as a disinterested stakeholder—filed its Complaint in Interpleader against Ms. Muldoon, Settlement Funding, and the United States, seeking direction as to whom to direct the Annuity payments.  On April 11, 2007, the court granted the United States' motion to dismiss.  That same day, the United States filed a Motion to Intervene, which the court subsequently granted.  MetLife has deposited the Annuity payments due and payable under the terms of the Annuity with the court.

## II.   The *Rooker-Feldman* doctrine

The *Rooker-Feldman* doctrine prevents lower federal courts from reviewing state-court decisions.  *Weis Builders, Inc. v. Kay S. Brown Living Trust*, 94 F. App'x 687, 691 (10th Cir. 2004).  As the Tenth Circuit has explained:

> The *Rooker-Feldman* doctrine is the product of two Supreme Court cases interpreting 28 U.S.C. § 1257(a). Section 1257(a) provides that "[f]inal judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari." The *Rooker-Feldman* doctrine is the negative inference of § 1257(a): if appellate review of state court judgments is vested in the United States Supreme Court, it follows that review is not vested in lower federal courts. Section 1257(a) thus implicitly deprives lower federal courts of subject matter jurisdiction to entertain cases that would entail review of decisions rendered by state courts.

*In re Smith*, 287 F. App'x 683, 685 (10th Cir. 2008) (citing *Crutchfield v. Countrywide Home Loans,* 389 F.3d 1144, 1147 (10th Cir. 2004), *abrogated in part on other grounds by Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)). The *Rooker-Feldman* doctrine is a jurisdictional bar to (1) claims that were actually decided by a state court, or (2) claims that are "inextricably intertwined" with a state-court judgment. *Id*. "A claim is inextricably intertwined if the state-court judgment caused, actually and proximately, the injury for which the federal-court plaintiff seeks redress." *Cline v. Cline*, 259 F. App'x 127, 133 (10th Cir. 2007). The court pays "'close attention to the *relief* sought' in the federal suit." *Mo's Express, LLC v. Sopkin*, 441 F.3d 1229, 1237 (10th Cir. 2006) (citing *Kenmen Eng'g v. City of Union,* 314 F.3d 468, 476 (10th Cir. 2002)). *Rooker-Feldman* deprives the federal district court of jurisdiction when the requested relief would necessarily undo a state-court judgment and return the parties to the position they occupied prior to the judgment. *Id.* "In contrast, when the relief sought by the plaintiffs would not reverse or 'undo' the state-court judgment, *Rooker-Feldman* does not apply." *Id*.

The Supreme Court has recently narrowed the doctrine. As the Tenth Circuit noted, "In *Lance,* the Supreme Court reiterated *Rooker-Feldman* 'is a narrow doctrine' that has been applied by the lower courts 'far beyond the contours of the *Rooker* and *Feldman* cases.'" *Lawrence v. Kuenhold*, No. 06-1397, 2008 WL 822458, at *2 n.4 (10th Cir. 2008) (citing *Lance v. Dennis*, 546 U.S. 459, 464 (2006) (quotations omitted)). "The doctrine applies only in 'limited circumstances,' where a party in effect

seeks to take an appeal of an unfavorable state-court decision to a lower federal court." *Lance*, 546 U.S. at 466 (internal citations omitted).

**III.  Discussion**

The United States and MetLife argue that the *Rooker-Feldman* doctrine does not apply in this case because the United States' sovereign immunity divested the Johnson County court of jurisdiction over the United States.  The Tenth Circuit has not determined whether the *Rooker-Feldman* doctrine applies when the government alleges that sovereign immunity voids a state-court order.  In *In re Smith*, 287 F. App'x 683 (10th Cir. 2008), the Tenth Circuit recognized that there is no authority for a "general exception to *Rooker-Feldman* when the state court is alleged to have acted without jurisdiction."  287 F. App'x at 685.  Other federal courts appear to have made an exception to *Rooker-Feldman* when sovereign immunity is at issue in an interpleader action.  *See TransAmerica Assurance Corp. v. Settlement Capital Corp.*, 489 F.3d 256 (6th Cir. 2007) (upholding an interpleader action, finding that doctrine of sovereign immunity voided state-court order requiring the United States to make annuity payment to assignee); *Settlement Funding, LLC v. Garcia*, 533 F. Supp. 2d 685, 691–94 (W. D. Tex. 2006) (ruling on interpleader action and holding that the state-court order regarding annuity payments was not binding or enforceable against the United States because the state court did not have jurisdiction absent a waiver of sovereign immunity); *Symetra Life Ins. Co. v. Fentress*, No. 3:05cv289 slip. op. at 8–9 (E.D. Va. Feb. 6, 2006) (Doc. 97, Ex. A) (holding "[b]ecause sovereign immunity barred action by the [state court], and that court did not have jurisdiction of the matter, the Rooker-Feldman doctrine does not apply.").

In *TransAmerica*, a Florida state court issued an order approving a transfer of structured-settlement payment rights funded by an annuity.  489 F.3d at 258.  The United States, as owner of the annuity, informed the issuer of the annuity that the United States believed that the state court lacked

jurisdiction to approve the transfer. *Id*. The issuer of the annuity filed an interpleader action in federal district court, asking the court to adjudicate the competing claims to the annuity. *Id*. The district court ordered that the Florida state-court order was "void, as having been entered without jurisdiction and without a waiver of the United States of America's sovereign immunity" and that the annuity issuer should continue to make payments as directed by the United States. *Id*. Without discussing the *Rooker-Feldman* doctrine, the Sixth Circuit upheld the district court's order, holding that a state court may approve a structured-settlement transfer, but "it cannot compel or require non-ministerial action on the part of the federal government, absent a waiver of sovereign immunity." *Id*. at 264. In *Settlement Funding*, a similar interpleader action, the federal district court held that the state court did not have jurisdiction over the United States because the United States had not waived its sovereign immunity. 533 F. Supp. 2d 685. Thus, the court concluded, the state-court order regarding the annuity payments was not binding or enforceable against the United States. *Id*. at 690. Although neither the *TransAmerica* nor *Settlement Funding* court discussed the *Rooker-Feldman* doctrine, both courts held that state-court decisions compelling the United States to change the payee of its annuities are unenforceable.

In *Symetra Life Ins. Co. v. Fentress*, the federal district court specifically addressed the *Rooker-Feldman* doctrine. No. 3:05cv289, slip. op. at 9. There, the state court approved a structured-settlement transfer and directed that the monthly annuity payments be made to the company acquiring the settlement. *Id*. at 5–6. The state court acknowledged that the United States objected to the transfer—contending that the state court did not have jurisdiction to affect the federal contract rights of the United States—but overruled the United States' objection. *Id*. After the state court's order, the United States sent a letter to the annuity issuer stating that it should avoid breaching its contract with the United States and suggesting the issuer file an interpleader action in federal district court. *Id*. at 7. The issuer filed the

-5-

interpleader action, and the federal district court held that the *Rooker-Feldman* doctrine did not apply because sovereign immunity barred action by the state court. *Id*. at 8–9.

Here, the Johnson County court decided the parties' rights under the Assignment, determining who should receive the Annuity payments pursuant to the Assignment. It did not decide who MetLife should pay *under the Annuity*. But when issuing its ruling, the Johnson County court ordered the United States to deliver the Annuity payments to Settlement Funding and prohibited the United States from changing the payment address for the Annuity payments. This portion of the order violated the United States' sovereign immunity. *See TransAmerica*, 489 F.3d at 262 (holding that a state-court decision ordering the federal government to direct an annuity company to change the annuity payee of the government's annuity violates sovereign immunity). Sovereign immunity barred the Johnson County court from ordering the United States to act, and thus, the state court lacked jurisdiction over the United States.

This case is procedurally and factually similar to cases recognizing an exception to the *Rooker-Feldman* doctrine when an interpleader action is brought to determine the need to comply with a state-court order regarding an annuity owned by the United States when sovereign immunity divests the state court of jurisdiction. Because sovereign immunity barred the state-court proceeding against the United States, the *Rooker-Feldman* doctrine does not apply to this interpleader action. This court therefore has jurisdiction to determine who should receive the payments under the Annuity.

The parties may refile their summary judgment motions within 10 days of this order.

**IT IS THEREFORE ORDERED** that the *Rooker-Feldman* doctrine does not apply to this action.

**IT IS FURTHER ORDERED** that the parties may refile their summary judgment motions within 10 days of this order.

Dated this <u>23 rd </u>day of January, 2009, at Kansas City, Kansas.

<u>s/ Carlos Murguia</u>
**CARLOS MURGUIA**
**United States District Judge**