## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| **METROPOLITAN LIFE INSURANCE COMPANY,** | ) ) ) | |
|  | ) | |
| **Plaintiff,** | ) | |
|  | ) | **CIVIL ACTION** |
| **v.** | ) | |
|  | ) | **No. 06-2026-CM** |
|  | ) | |
| **CARRIE R. MULDOON, et al.,** | ) | |
|  | ) | |
| **Defendants.** | ) | |
|  | ) | |

## MEMORANDUM AND ORDER

Plaintiff Metropolitan Life Insurance Company ("MetLife") brings this interpleader action to determine to whom it should direct monthly payments under an annuity. In September 2008, the court denied Settlement Funding, LLC, d/b/a/ Peachtree Settlement Funding's ("Settlement Funding") motion for summary judgment (Doc. 76) and intervenor United States of America's ("United States") motion for summary judgment (Doc. 77) without prejudice so that the court could determine whether it had jurisdiction over this action. On January 23, 2009, the court determined that it did have jurisdiction over this action and allowed the parties to renew their summary judgment motions. This matter is now before the court on the United States' Motion for Summary Judgment (Doc. 105) and Defendant Settlement Funding, LLC's Renewed Motion for Summary Judgment (Doc. 106).

### I.      Jurisdiction

The parties dispute whether the court has jurisdiction over contract claims against the United States exceeding $10,000, but they agree that the court has its usual interpleader jurisdiction to decide the rights of Settlement Funding and Carrie Muldoon ("Ms. Muldoon") as claimants to the

Annuity payments.  This is an interpleader action to determine to whom MetLife must pay the

Annuity payments under its annuity contract with the United States.  There are no contract claims

pending against the United States and the court need not resolve such issues to determine the matter

before it.

    The government suggests that the court may not have interpleader jurisdiction if Settlement

Funding has disavowed any claims to the Annuity payments.  Although Settlement Funding's

augments are confusing and do appear to disavow claims to the Annuity payments, Settlement

Funding is clearly arguing that it is entitled to the funds that have been placed into the court registry

by MetLife.  In its brief in support of summary judgment, Settlement Funding specifically requests

that the court "award Settlement Funding the funds held in the Court's registry that were deposited

by MetLife."  Accordingly, the court finds that there are two or more adverse claimants of diverse

citizenship who claim or may claim to be entitled to the Annuity payments—Settlement Funding and

Ms. Muldoon, and that the court has interpleader jurisdiction over this action pursuant to 28 U.S.C. §

1335.

## II.    **Factual Background**[1]

    In 1982, the United States and a representative of Ms. Muldoon entered into a structured

settlement and release agreement ("Muldoon Release") relating to a personal injury claim made on

behalf of Ms. Muldoon.  Pursuant to its obligations under the Muldoon Release, the United States

purchased an annuity contract from National Investors Life Insurance Company for the benefit Ms.

Muldoon ("Annuity").  National Investors Life Insurance Company was subsequently acquired by

---

[1]  The court has combined the facts proposed by both parties, and included only those that are
relevant, material, and properly supported by the record.

MetLife.  The terms of the Annuity contract require payment to the "Payee," as that term is defined by the Annuity contract, of $833.33 beginning on March 1, 1982, increasing annually at 6 percent per annum compound rate, and payable on the first day of each month after March 1, 1982, until a total of 720 payments have been made.  The Annuity expressly states, "Payments under this Certificate shall not be subject to assignment, transfer, commutation or encumbrance."  The United States is the sole owner of the Annuity—the Annuity describes the owner as "U.S. Government, Torts Branch, Civil Division, Dept. of Justice."  Ms. Muldoon is not a party to the Annuity.  The Annuity also provides that "[w]hile this Certificate is in effect, the Owner may change the name of the person designated as beneficiary to whom any beneficiary proceeds may become payable, without the consent of the Annuitant, the Payee or the beneficiaries."  At all times relevant to this proceeding, the United States has designated Ms. Muldoon as the Payee of the Annuity.

In exchange for immediate cash payments, Ms. Muldoon entered into several agreements with Settlement Funding in which she received cash payments from Settlement Funding in exchange for assigning[2] her payments under the Annuity to Settlement Funding.  In April 2003, Ms. Muldoon and Brian Muldoon filed for Chapter 7 Bankruptcy.  In the bankruptcy action, Ms. Muldoon claimed that her interest in the Annuity was exempt under Kansas law.  The Bankruptcy Trustee and Ms. Muldoon reached a tentative settlement wherein the trustee agreed to the absolute assignment and transfer of payments under the Annuity.  Ms. Muldoon approached Settlement Funding about entering into a transaction in order to pay off her pending bankruptcy.  In September 2004, Ms. Muldoon and Settlement Funding entered into an agreement entitled Absolute Assignment and Uniform Commercial Code ("UCC"), Article 9 Security Agreement with Settlement Funding

---

[2]  The parties dispute whether Ms. Muldoon's assignments were valid, but, as explained below, that issue is not before the court, and the court need not decide it.

("Assignment").  In the Assignment, Ms. Muldoon agreed to assign and transfer to Settlement

Funding all her rights, title and interest in and her right to receive certain payments under the

Muldoon Release funded by the Annuity.  The Bankruptcy Trustee approved the transfer of Annuity

payments under the Assignment.  Pursuant to the settlement with the Bankruptcy Trustee, Settlement

Funding made payments directly to the Bankruptcy Trustee to fund the bankruptcy settlement

between the Muldoons and the Bankruptcy Trustee.

      In December 2002, Ms. Muldoon and Settlement Funding filed a lawsuit in the District Court

of Johnson County, Kansas ("Johnson County Action").  The United States, Tort Branch, Civil

Division and MetLife were served with process and received notice of the Johnson County Action,

but neither entered an appearance or otherwise filed any objection to the action.  On January 27,

2006, the Johnson County court entered an order approving the transfer of the Annuity payments per

the terms of the Assignment ("Johnson County Order").  In its Order, the Johnson County court

made several judgments, including (1) directing the United States and MetLife to deliver the

assigned Annuity payments to Settlement Funding and (2) prohibiting the United States and MetLife

from changing the address to which the payments are sent.  The Johnson County court also declared

that its judgment in no way modified nor negated the ownership of the Annuity issued by MetLife

and owned by the United States.  On July 21, 2005, the United States Department of Justice advised

MetLife that the United States did not consent to a change in its annuity contract or in the designated

payee.

      On January 27, 2006, MetLife—as a disinterested stakeholder—filed its Complaint in

Interpleader against Ms. Muldoon, Settlement Funding, and the United States, seeking direction as

to whom to direct the Annuity payments.  On April 11, 2007, the court granted the United States's

motion to dismiss.  That same day, the United States filed a Motion to Intervene, which the court

subsequently granted.  MetLife has deposited the Annuity payments due and payable under the terms of the Annuity with the court.

### III.     Standards for Judgment

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party.  *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

### IV.     Discussion

The United States seeks summary judgment, requesting that the court direct MetLife to make all payments under the Annuity directly to the person designated as payee by the United States, currently Ms. Muldoon.  The United States and Met Life request that the court vacate the Johnson County Order.  Settlement Funding seeks summary judgment, requesting that the court (1) find that Settlement Funding is entitled to the payments under the Annuity and (2) order the United States to direct MetLife to release payments under the Annuity directly to Settlement Funding.[3]

#### A.     Payments Under the Annuity

Settlement Funding contends that it is entitled to the proceeds of the Annuity, arguing that Ms. Muldoon transferred her right to the Annuity payments—under the Muldoon Release—when she entered the agreements with the Bankruptcy Trustee and Settlement Funding.  But this is an

---

[3] Settlement Funding seeks additional relief that is not properly before the court.  For example, it wants the court to find that its assignment agreement with Ms. Muldoon is valid and enforceable.  The sole issue before the court is to whom MetLife should make payments under the Annuity.

interpleader action to determine to whom MetLife must pay the Annuity payments. The payments are made pursuant to an annuity contract between MetLife and the United States. The parties' rights under the Muldoon Release are not before the court. The issue before the court is whether Ms. Muldoon had any rights to transfer or designate the payee under *the annuity contract*, not the Muldoon Release. This distinction is critical. *See Settlement Funding, LLC v. Garcia*, 533 F. Supp. 2d 685, 691–94 (W.D. Tex. 2006), *aff'd*, No. 07-50586, 2009 WL 73868, at * 4 (5th Cir. Jan. 13, 2009) (analyzing the distinction and recognizing that the issue before the court was whether the annuitant had any rights under the annuity, not the settlement agreement).

"It is axiomatic that one may not sell, assign or hypothecate that which he does not own." *Allstate Ins. Co. v. Am. Bankers Ins. Co. of Fla.*, 882 F.2d 856, 859–60 (4th Cir. 1989). When an annuitant is not the owner of the annuity, he or she has no legal rights under the annuity to assign. *See Liberty Life Assurance Co. of Boston v. Gilbert*, 507 F.3d 952, 959 (6th Cir. 2007) (upholding decision that an annuitant has no legal right to assign an annuity he does not own); *Garcia*, 533 F. Supp. 2d at 691–94 (finding the annuitant had rights under his settlement agreement with the United States, but no rights under the annuity purchased by the United States from a third-party to fund the settlement); *In re Granati*, 307 B.R. 827, 828 (E.D. Va. 2002) (finding the annuitant had no legal right in the annuity to assign); *Allstate Ins. Co.*, 882 F.2d at 859–60 (same). In *Allstate Insurance*, the Fourth Circuit held that the annuitant of an annuity bought pursuant to a structured settlement could not validly assign his rights to the annuity because the annuity policy plainly stated that the insurance company was the owner of the annuity. *Id.* at 859–60. Similarly, the court in *In re Granati* found that the annuitant was not a party to the annuity contract and had never acquired rights to control payments made pursuant to the annuity; therefore, the court held, the annuitant had no legal right in the annuity to assign. 307 B.R. at 828.

In this case, MetLife is required to make the payments pursuant to the Annuity.  The United States is the owner of the Annuity.  The Annuity provides that the Owner may change the name of the beneficiary and that payments under the Annuity are not subject to assignment or transfer.  Under the Annuity, Ms. Muldoon is the annuitant, not the owner of the annuity.  She cannot lawfully assign or transfer future payments and has no authority to designate the payee under the Annuity.  As the sole owner of the Annuity, the United States alone has the right to designate the payee of the payments under the Annuity.

For the reasons mentioned above, the court finds that MetLife must act at the direction of the United States and make the payments under the Annuity as the United States has directed.  Furthermore, all future payments must be made by MetLife as directed by the United States.

**B.      Ms. Muldoon's Obligation to Settlement Funding**

Because the issue before the court is who MetLife must pay under the Annuity, and not whether Ms. Muldoon agreed to surrender the payments she receives to Settlement Funding, the issue of whether Settlement Funding is entitled to receive the payments from Ms. Muldoon is not before the court.

**C.      Johnson County District Court Order**

The United States and MetLife request that the court vacate the entire Johnson County Order.  But the only issue before the court is whether the Johnson County Order affects the terms of the Annuity.  To determine the issue before the court—who is entitled to payment under the annuity—the court need only consider the portion of the Johnson County Order that directs the United States to act, specifically, to designate Settlement Funding as the payee under the annuity.  As the Sixth Circuit explained in *TransAmerica Assurance Corp. v. Settlement Capital Corp.*, 489 F.3d 256 (6th Cir. 2007), a state-court decision ordering the federal government to direct an annuity

company to change the annuity payee of the government's annuity violates sovereign immunity. "Although a single instance of compelling the government to file paperwork might seem trifling, the core administrative concern is national in scale, and under the plain language of *Larson* [*v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682 (1949)], compulsion itself is the vice that implicates federal sovereign immunity." *TransAmerica*, 489 F.3d at 262 (internal citation omitted).

Settlement Funding attempts to distinguish *TransAmerica* by arguing that in *TransAmerica*, the state court ordered the United States to "make and pay" the annuity payments to the assignee and that here, the Johnson County court merely ordered the United States to "deliver the assigned payments" to Settlement Funding.  This distinction is without merit.  The Johnson County court ordered that the United States direct MetLife to deliver the payments to a party not designated as the payee of the Annuity, which directly or indirectly changes the payee of the Annuity.  Moreover, re-designating the payee is not a ministerial exception to sovereign immunity, as Settlement Funding argues.  *See id.* ("a ministerial action is one that the official has a legal duty to perform, as opposed to one he has discretion to perform or not.").  No party has identified a legal duty requiring the United States to change the payee.  The court also rejects Settlement Funding's argument that Congress expressly waived the United States's sovereign immunity from suit for these types of proceedings by enacting 26 U.S.C. § 5891.  Settlement Funding provides no authority for its argument, and the court has found none.

The court finds that the Johnson County Order requires action from the United States—it directs the United States to change the payee of the Annuity—and thus, the order violates sovereign immunity.  For this reason, the court further finds that the Johnson County Order is not binding on

the United States.[4]  The Court makes no determination as to the validity of the other provisions of the Johnson County Order.

Because the court makes no determination regarding the underlying transfer of the structured settlement payments from Ms. Muldoon to Settlement Funding, the Assignment, many of the parties' arguments are moot.

**IT IS THEREFORE ORDERED** that the United States' Motion for Summary Judgment (Doc. 105) is granted.

**IT IS FURTHER ORDERED** that Defendant Settlement Funding, LLC's Renewed Motion for Summary Judgment (Doc. 106) is denied.

**IT IS FURTHER ORDERED** that the Journal Entry dated March 23, 2005, entered by the District Court of Johnson County, Kansas, in case No. 04-CV09317, captioned *Carrie R. Muldoon, a/k/a Carrie R. Ruddy and Settlement Funding, LLC d/b/a Peachtree Settlement Funding, Plaintiffs v. United States of America Torts Branch, Civil Division and Metropolitan Life Insurance Company, Defendants*, is not binding on the United States, as having been entered without jurisdiction and without a waiver of the United States of America's sovereign immunity.

**IT IS FURTHER ORDERED** that the Clerk of the Court disburse all interpleaded funds to defendant Carrie R. Muldoon, a/k/a Carrie R. Ruddy.

**IT IS FURTHER ORDERED** that Metropolitan Life Insurance Company is directed to disburse all future payments under the Annuity as directed by the United States.

**IT IS FURTHER ORDERED** that Plaintiff Metropolitan Life Insurance Company is hereby

---

[4]  It is unnecessary for the court to determine whether a state court may find that a proposed structured-settlement factoring transaction would be in the best interests of the payee of the annuity.

discharged from any and all liability with respect to the Annuity that is the subject of this action, including any and all liability to the United States, as the Annuity owner, any and all liability to defendant Carrie R. Muldoon and any and all liability to Settlement Funding, LLC, except that Metropolitan Life Insurance Company is not discharged from its obligations to make payments from this day forward in accordance with the terms of the Annuity and this Order.

Dated this <u>10th</u> day of March 2009, at Kansas City, Kansas.

<u>**s/ Carlos Murguia**</u>
**CARLOS MURGUIA**
**United States District Judge**